

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC, and IB PROPERTY HOLDINGS, LLC, a wholly owned subsidiary of Bayview Loan Servicing, <br><br> Plaintiffs, <br><br> v. <br><br> LAW FIRM OF RICHARD M. SQUIRE & ASSOCIATES, LLC <br> One Jenkintown Station – Suite 104 <br> 115 West Avenue <br> Jenkintown, PA 19046 <br> and <br> M. TROY FREEDMAN, ESQUIRE <br> Law Firm of Richard M. Squire & Associates, LLC <br> One Jenkintown Station – Suite 104 <br> 115 West Avenue <br> Jenkintown, PA 19046 <br><br> Defendants. | JURY TRIAL DEMANDED <br><br> CIVIL ACTION <br><br> NO.: <br><br> 10 1451 |

## COMPLAINT

### PARTIES

1. Plaintiff, Bayview Loan Servicing, LLC, is a Delaware limited liability company with its principal place of business at 4425 Ponce De Leon Blvd., Coral Gables, FL 33146. Plaintiff IB Property Holdings, LLC is a wholly owned subsidiary of Bayview Loan Servicing, LLC, with its principal place of business at 4425 Ponce De Leon Blvd, Coral Gables, FL 33146.

2. Defendant, Law Firm of Richard M. Squire & Associates, LLC (hereinafter, "The Squire Firm") is a limited liability company duly organized and existing under the law of the Commonwealth of PA with a principal place of business at One Jenkintown Station, Suite 104, 115 West Avenue, Jenkintown, PA 19046.

3. Defendant M. Troy Freedman, Esquire (hereinafter, "Troy Freedman") is a Pennsylvania resident in his capacity as an attorney who upon information and belief is employed by the Law Firm of Richard M. Squire & Associates, LLC.

4. Upon information and belief at all times relevant to this action, the Richard M. Squire Firm acting individually as a corporate entity and/or through its agents, ostensible agents, servants, attorneys and employees, including but not limited to other persons who participated in the representation of Plaintiffs Bayview Loan Servicing and IB Property while acting within the course of and scope of their employment and within the exclusive direction, supervision and/or control of the Richard M. Squire Firm, whose identities are known at the present only as Defendants.

5. The Defendants entered into a contract with Plaintiffs to provide legal services. At all relevant times, Defendants the Squire Firm and Troy Freedman owed a duty to provide Bayview Loan Servicing and IB Property with competent legal service and counsel.

6. At all relevant times, Defendants the Squire Firm held itself out to the public and to Bayview Loan Servicing and IB Property as employing only competent and skilled agents, servants, and employees including but not limited to Troy Freedman.

## SUBJECT MATTER JURISDICTION

7. Under 28 U.S.C. §1332, this Court has subject matter jurisdiction over this action as a matter arising between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of interest and costs.

2

## VENUE

8. Venue in this Court is proper under 28 U.S.C. §1391(a)(1)(2) and/or (3) in that defendants all reside in the Court District, substantial parts of the event occurred within the Court District, and/or the defendants are subject to personal jurisdiction within the Court District.

## BACKGROUND OF CLAIMS

9. At all material times, Defendant The Squire Firm conducted business through its duly authorized agents, representatives, officers, members, managers, employees, servants, and attorneys including Troy Freedman, all of whom acted within their scope of employment and authority.

10. On or about November 7, 2006, Peter Pugliese executed an Adjustable Rate Promissory Note (hereinafter referred to as "Note") in which he, *inter alia*, promised to repay a mortgage loan extended by MetWest Commercial Lender, Inc. in the principal amount of $262,500.00.

11. On that same date, Peter Pugliese also executed an Open-End Mortgage and Security Agreement (hereinafter referred to as "Mortgage") granting MetWest Commercial Lender, Inc., its successors and/or assigns, a mortgage lien against the Premises as security for Peter Pugliese's faithful performance of his covenants and obligations under the Note including, but not limited to, his unconditional obligation to make, tender, and/or deliver consecutive monthly payments to MetWest Commercial Lender, Inc., its successors and/or assigns.

12. Plaintiffs believe, and therefore aver, that the mortgage loan was used in the acquisition and/or operation of a business located in the County of Reading in the Commonwealth of Pennsylvania.

13. Plaintiff Bayview Loan Servicing, LLC became holder of the Mortgage and Note via assignment from MetWest Commercial Lender, Inc., recorded on July 5, 2007, and thereafter assigned the same to IB Property Holdings, LLC, Bayview's wholly-owned subsidiary, dated December 30, 2008.

14. At or around the time of origination of the aforementioned mortgage loan, Peter Pugliese obtained a commercial general liability and casualty insurance policy (hereinafter referred to as "Policy") for the Premises in which MetWest Commercial Lender, Inc., its successors and/or assigns, was listed as additional insured/mortgagee pursuant to the terms of the Mortgage.

15. Bayview Loan Servicing, LLC as secured party recorded a UCC-1 Financing Statement with the Pennsylvania Department of State which lists, *inter alia*, the proceeds of the Policy as collateral.

16. Bayview Loan Servicing, LLC was, at all material times hereto, the secured party on the UCC-1 Financing Statement and thru assignment, IB Property Holdings, LLC remains the secured party on the UCC-1.

17. Peter Pugliese breached the terms of the Mortgage and Note in that he failed and/or refused to make, tender, and/or deliver the required monthly payments from July 1, 2007 to the present.

18. Due to Peter Pugliese's breach of the Mortgage and Note, Plaintiffs retained the law firm of Defendant Richard M. Squire to commence a mortgage foreclosure action in the Berks Count Court of Common Pleas against Peter Pugliese (at Docket No. 07-12158), in which IB Property Holdings, LLC obtained an *in rem* judgment on January 24, 2008 pursuant to which IB Property Holdings, LLC caused the Premises to be exposed for sale at the September 5, 2008 Berks County Sheriff's Sale (hereinafter "Sheriff's sale").

19. At all relevant times, Defendants, the Richard M. Squire Firm and Troy Freedman represented Bayview Loan Servicing and IB Property in the foreclosure and Sheriff's sale of the property, and had a duty and contractual obligation to provide competent legal service to Bayview Loan Servicing and IB Property.

## **MALPRACTICE CHRONOLOGY**

20. IB Property Holdings, LLC purchased the property at the Sheriff's sale and subsequently sold the property it purchased to a third party on December 8, 2008. The property was sold well below market value as evidenced by the Sheriff's Writ of Sale.

21. On December 4, 2008, Plaintiffs instructed the law firm of Richard M. Squire & Associates, LLC and M. Troy Freedman, Esquire to seek the deficiency from Peter Pugliese.

22. Pursuant to Pennsylvania statute, IB Property, through its attorneys, was required to file a petition to fix fair value within six months after obtaining the Sheriff's Deed to seek its deficiency. The six months expired on March 5, 2009.

23. Despite receiving instructions from Plaintiffs to seek a deficiency judgment in the amount $374,998.01, Defendants the Law Firm of Richard M. Squire & Associates, LLC and Troy Freedman failed to file a petition to fix fair value or preserve Plaintiffs' right to collect that deficiency.

24. The deadline to file a petition to fix fair value was March 5, 2009, and as of that day, Bayview Loan Servicing and IB Property lost any right to seek a deficiency judgment from Peter Pugliese pursuant to the mortgage and note. At no time did the Law Firm of Richard M. Squire nor Troy Freedman advise its clients that it failed to file a petition to fix fair value or preserve its deficiency against Peter Pugliese.

25. On March 26, 2009, M. Troy Freedman, Esquire, in his capacity as an employee of the Law Firm of Richard M. Squire & Associates, LLC, filed a lawsuit on behalf of Bayview Loan Servicing and IB Property against Peter Pugliese for the deficiency. Because the Squire firm had failed to file a petition to fix fair value, the lawsuit was frivolous and exposed Plaintiffs to a threatened counterclaim by Peter Pugliese.

26. On May 7, 2009, M. Troy Freedman, Esquire wrote a letter to Honorable Jeffrey L. Schmehl of the Berks County Court of Common Pleas, advising that Bayview Loan Servicing had no objection to marking the judgment satisfied, released and discharged. Bayview Loan Servicing and IB Property neither authorized this letter nor were Bayview Loan Servicing and IB Property advised of the existence of the letter nor of the forwarding of the letter to the Court.

27. The Plaintiffs, Bayview Loan Servicing/IB Property were not informed that Judge Schmehl signed an Order on June 5, 2009 marking the judgment of Peter Pugliese satisfied.

28. On July 13, 2009, despite the fact that a petition to fix fair value was not filed, a default judgment was entered by the Squire Firm against Peter Pugliese in the amount of $295,726.05 under *IB Property Holdings, LLC v. Peter Pugliese*, Berks County, Court No. 09-03488.

29. On July 27, 2009, sheriff's levies were served by the local sheriff of Berks County against Peter Pugliese for all of his property and business.

30. On August 11, 2009, Peter Pugliese filed a petition to strike or open the default judgment stay on the basis that the petition to fix fair value was not filed and the judgment was already marked satisfied. Peter Pugliese also filed a proposed answer with counterclaim against Plaintiffs.

31. On August 14, 2009, Defendants the Law Firm of Richard M. Squire & Associates, LLC and Troy Freedman filed a frivolous answer in opposition to the petition to strike arguing that a petition to fix fair value was not necessary, exposing Bayview Loan Servicing and IB Property to a potential lawsuit.

32. On October 4, 2009, Peter Pugliese's petition to strike default was granted and the complaint was dismissed by order of the Honorable Jeffrey L. Schmehl.

33. Although Bayview Loan Servicing, LLC and IB Property Holdings, LLC are pled as joint plaintiffs, they are entitled to only one recovery. In an overabundance of caution, Bayview Loan Servicing, LLC is designated as plaintiff as the former holder who made the original claim. Bayview Loan Servicing, LLC's wholly owned subsidiary, the assignee IB Property Holdings, LLC, is the present assignee of the Pugliese mortgage and note and will benefit from the claim made by Bayview Loan Servicing, LLC.

## COUNT I – BREACH OF FIDUCIARY DUTY
**Plaintiffs Bayview Loan Servicing and IB Property v. Defendant Law Firm of Richard M. Squire**

34. Plaintiffs Bayview Loan Servicing, LLC and IB Property Holdings, LLC incorporate by reference each and every allegation of paragraphs 1 through 33 as if fully set forth herein.

35. Defendant The Squire Firm failed to preserve the deficiency judgment of Plaintiffs Bayview Loan Servicing and IB Property within the time prescribed by the relevant statutes of limitation in direct contradiction to the provisions of 41 Pa. C.S.A. §5522(e)(2).

36. Failure to fix fair value barred Plaintiffs Bayview Loan Servicing and/or IB Property from seeking a deficiency against Peter Pugliese, despite the fact that Peter Pugliese owed Plaintiffs in excess of $377,499.00

37. Further, The Squire Firm, failed to fix fair value to preserve the deficiency pursuant to 42 Pa. C.S.A. §8103(a), failed to notify Plaintiffs that a petition to fix fair value was not filed, did not notify Plaintiffs that a failure to file a petition to fix fair value would result in the waiver of any opportunity to obtain a deficiency judgment against Peter Pugliese, and failed to advise that the failure to file a petition to fix fair value exposed Bayview Loan Servicing and IB Property to affirmative lawsuits and barred any future efforts to obtain deficiencies either voluntarily or involuntarily from Peter Pugliese.

38. The Squire Firm had an obligation to Plaintiffs to preserve the deficiency owed to Plaintiffs, including the requirement to file a petition to fix fair value.

39. The Squire Firm represented Bayview Loan Servicing and IB Property with the foreclosure action on the Pugliese property as well as the subsequent Sheriff's Sale in which the property was bought by the Plaintiffs.

8

40. The Squire Firm had an obligation to file a petition to fix fair value to establish a deficiency so that any deficiency may be obtained and failure to do so is a breach of the Squire Firm's fiduciary duty.

41. Further, on May 7, 2009, the Squire Firm, through its attorney, Troy Freedman, forwarded a letter to the Honorable Jeffrey L. Schmehl advising that its client had no objection to marking the judgment satisfied.

42. The Court marked the judgment as satisfied based specifically on the letter of Troy Freedman. The Squire Firm and Troy Freedman had no authority to advise the Court that the judgment was satisfied and that Bayview Loan Servicing and IB Property would have no right to seek a deficiency nor file a promissory action against Peter Pugliese for the remainder of the deficiency owed.

43. Solely by the reason of Defendant The Squire Firm's careless, negligent and reckless conduct, Plaintiffs Bayview Loan Servicing and IB Property suffered serious and permanent financial damages, as more fully described above.

WHEREFORE, Plaintiffs Bayview Loan Servicing, LLC and IB Property Holdings, LLC claims of Defendants The Law Firm of Richard M. Squire & Associates, LLC and M. Troy Freedman, Esquire, a sum in excess of One Hundred Thousand Dollars ($100,000) in damages, exclusive of interest, costs, delay damages and attorney's fees, which amount exceeds the jurisdictional amount requiring arbitration, and such further relief as the Court deems just and proper.

## COUNT II – BREACH OF FIDUCIARY DUTY
### Plaintiffs Bayview Loan Servicing and IB Property v. Defendant M. Troy Freedman, Esquire

44. Plaintiffs Bayview Loan Servicing, LLC and IB Property Holdings, LLC incorporate by reference each and every allegation of paragraphs 1 through 43 as if fully set forth herein.

45. Defendant M. Troy Freedman, Esquire failed to preserve the deficiency judgment of Plaintiffs Bayview Loan Servicing and IB Property within the time prescribed by the relevant statutes of limitation in direct contradiction to the provisions of 41 Pa. C.S.A. §5522(e)(2).

46. Failure to fix fair value barred Plaintiffs Bayview Loan Servicing and/or IB Property from seeking a deficiency against Peter Pugliese, despite the fact that Peter Pugliese owed Plaintiffs in excess of $377,499.00.

47. Further, Troy Freedman, counsel for the Squire Firm, failed to fix fair value to preserve the deficiency pursuant to 42 Pa. C.S.A. §8103(a), failed to notify Plaintiffs that a petition to fix fair value was not filed, did not notify Plaintiffs that a failure to file a petition to fix fair value would result in the waiver of any opportunity to obtain a deficiency judgment against Peter Pugliese, and failed to advise that the failure to file a petition to fix fair value exposed Bayview Loan Servicing and IB Property to affirmative lawsuits and barred any future efforts to obtain deficiencies either voluntarily or involuntarily from Peter Pugliese.

48. Troy Freedman had an obligation to Plaintiffs to preserve the deficiency owed to Plaintiffs, including the requirement to file a petition to fix fair value.

49. Troy Freedman represented Bayview Loan Servicing and IB Property with the foreclosure action on the Pugliese property as well as the subsequent Sheriff's Sale in which the property was bought by the Plaintiffs.

50. Troy Freedman had an obligation to file a petition to fix fair value to establish a deficiency so that any deficiency may be obtained and failure to do so is a breach of Troy Freedman's fiduciary duty.

51. Further, on May 7, 2009, the Squire Firm, through its attorney, Troy Freedman, forwarded a letter to the Honorable Jeffrey L. Schmehl advising that its client had no objection to marking the judgment satisfied.

52. The Court marked the judgment as satisfied based specifically on the letter of Troy Freedman. The Squire Firm and Troy Freedman had no authority to advise the Court that the judgment was satisfied and that Bayview Loan Servicing and IB Property would have no right to seek a deficiency nor file a promissory action against Peter Pugliese for the remainder of the deficiency owed.

53. Solely by the reason of Defendant Troy Freedman's' careless, negligent and reckless conduct, Plaintiffs Bayview Loan Servicing and IB Property suffered serious and permanent financial damages, as more fully described above.

WHEREFORE, Plaintiffs Bayview Loan Servicing, LLC and IB Property Holdings, LLC claims of Defendants The Law Firm of Richard M. Squire & Associates, LLC and M. Troy Freedman, Esquire, a sum in excess of One Hundred Thousand Dollars ($100,000) in damages, exclusive of interest, costs, delay damages and attorney's fees, which amount exceeds the jurisdictional amount requiring arbitration, and such further relief as the Court deems just and proper.

## COUNT III – NEGLIGENT SUPERVISION
### Plaintiffs Bayview Loan Servicing and IB Property v. Defendant Law Firm of Richard M. Squire

54. Plaintiffs Bayview Loan Servicing, LLC and IB Property Holdings, LLC incorporate by reference each and every allegation of paragraphs 1 through 53 as if fully set forth herein.

55. Defendant The Squire Firm owed a duty to Plaintiffs, Bayview Loan Servicing and IB Property, to provide them with and/or to make certain that they received reasonable, competent, proper, adequate and appropriate legal advice, counsel, and services.

56. Defendant The Squire Firm failed to bring an action on behalf of Plaintiffs Bayview Loan Servicing and IB Property within the time prescribed by the relevant statute of limitations.

57. Defendant The Squire Firm had actual or constructive knowledge of the negligence of their actual and/or ostensible agents, servants and/or employees, including but not limited to M. Troy Freedman, Esquire and various unknown and unidentified attorneys and employees at the Law Firm of Richard M. Squire & Associates, LLC failed to intercede to protect Plaintiffs Bayview Loan Servicing and IB Property's interest from such harm.

58. Plaintiffs Bayview Loan Servicing and IB Property's injuries, damages and losses were the direct and proximate result of the carelessness and negligence of Defendant The Squire Law Firm, in the following respects:

> (a) failing to formulate, adopt and enforce adequate rules, policies and procedures with respect to the evaluation and counsel of clients such as Plaintiffs Bayview Loan Servicing and IB Property;
> (b) failing to properly supervise, monitor, oversee and instruct persons entrusted with the evaluation and counsel of Plaintiffs Bayview Loan Servicing and IB Property with respect to the determination and calculation of the applicable statute of limitations;

59. As a direct and proximate result of the negligence and carelessness of Defendant The Squire Firm, Plaintiffs Bayview Loan Servicing and IB Property have suffered substantial financial injuries and losses set forth more fully above.

WHEREFORE, Plaintiffs Bayview Loan Servicing, LLC and IB Property Holdings, LLC claims of Defendant The Law Firm of Richard M. Squire & Associates, LLC, a sum in excess of One Hundred Thousand Dollars ($100,000) in damages, exclusive of interest, costs, delay damages and attorney's fees, which amount exceeds the jurisdictional amount requiring arbitration, and such further relief as the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT
### Plaintiffs Bayview Loan Servicing and IB Property v. Defendant Law Firm of Richard M. Squire

60. Bayview Loan Servicing and IB Property Holdings, LLC incorporate by reference each and every allegation of paragraphs 1 through 59 as if fully set forth herein.

61. Defendant The Squire Firm entered into a contract with Plaintiffs Bayview Loan Servicing and IB Property whereby it agreed, among other things, to provide advice and counsel to Plaintiffs Bayview Loan Servicing and IB Property with respect to the claims being investigated and/or to be asserted against Peter Pugliese including a foreclosure and sheriff's sale.

62. Defendant failed to follow specific instructions of Bayview Loan Servicing and IB Property to collect all money owed pursuant to the Mortgage and Note and to preserve the deficiency against Peter Pugliese thus not only breaching a duty of care, but also failed to follow the client's specific instructions and thus failed to fulfill a contractual duty and/or obligation.

13

63. By reason of the foregoing Defendant the Law Firm of Richard M. Squire & Associates, LLC materially breached its contract.

64. As a result of this breach, Plaintiffs Bayview Loan Servicing and IB Property suffered the judgment, dismissing it and all of its consequences set forth above.

WHEREFORE, Plaintiffs Bayview Loan Servicing, LLC and IB Property Holdings, LLC claims of Defendant The Law Firm of Richard M. Squire & Associates, LLC, a sum in excess of One Hundred Thousand Dollars ($100,000) in damages, exclusive of interest, costs, which amount exceeds the jurisdictional amount requiring arbitration, and such further relief as the Court deems just and proper.

## COUNT V – PUNITIVE DAMAGES
**Plaintiffs Bayview Loan Servicing and IB Property v. Defendants Law Firm of Richard M. Squire and Troy Freedman**

65. Bayview Loan Servicing, LLC and IB Property Holdings, LLC incorporate by reference each and every allegation of paragraphs 1 through 64 as if fully set forth herein.

66. Defendants the Squire Firm and Troy Freedman engaged in outrageous conduct, based upon the defendants' evil motive or reckless indifference to the rights of others, including its clients, pursuant to Restatement of Torts 2nd §9082.

67. Due to Defendants' conduct, Plaintiffs Bayview Loan Servicing and IB Property suffered injuries, damages, and losses as a direct and proximate result of the outrageous conduct, reckless indifference and evil motive resulting from the Defendants' efforts to lie, hide and obscure its initial malpractice of failing to properly preserve the deficiency thereby exposing Plaintiffs to potential lawsuits and additional damages and losses as a result of Defendants' deceitful conduct.

68. Plaintiffs allege that the Squire Firm and Troy Freedman's conduct rises to punitive damages and requires the imposition of punitive damages under Pennsylvania law in the following respects:

    (a) failing to properly preserve Plaintiffs Bayview Loan Servicing and IB Property's deficiency;
    (b) subsequently advising without authority that the Berks County Court of Common Pleas that Plaintiffs Bayview Loan Servicing and IB Property had no objection to the entry of the satisfaction of mortgage of Peter Pugliese, despite direct orders to seek any deficiency;
    (c) failing to properly advise, copy or forward Defendant M. Troy Freedman's letter to the Court of May 7, 2009 to Plaintiffs advising the Court that Plaintiffs Bayview Loan Servicing and IB Property;
    (d) failing to advise and/or notify Plaintiffs Bayview Loan Servicing and IB Property that the Court had entered into an Order on June 5, 2009 thereby marking the judgment of Peter Pugliese as satisfied;
    (e) failing to properly advise Plaintiffs Bayview Loan Servicing and IB Property that the Order had been entered and that Plaintiffs Bayview Loan Servicing and IB Property had no right to seek a deficiency under Pennsylvania law;
    (f) subsequently filing a frivolous lawsuit against Peter Pugliese under a theory of promissory estoppel and alleging in pleadings that Plaintiffs Bayview Loan Servicing and IB Property had an absolute right to seek a deficiency despite the fact that Pennsylvania law was quite clear to the contrary that any opportunity to seek a deficiency after a judgment has been marked satisfied exposes the Plaintiffs to a potential lawsuit.

69. As a result of this outrageous conduct, evil motive and reckless indifference, Plaintiffs Bayview Loan Servicing and IB Property suffered the entry of a judgment and all of its consequences set forth above, including fees paid to the Squire Firm, as well as any future damages suffered as a result of an action by Peter Pugliese.

15

WHEREFORE, Plaintiffs Bayview Loan Servicing, LLC and IB Property Holdings, LLC claims of Defendants The Law Firm of Richard M. Squire & Associates, LLC and M. Troy Freedman, Esquire, a sum in excess of One Hundred Thousand Dollars ($100,000) in damages, exclusive of interest, costs, delay damages and attorney's fees, which amount exceeds the jurisdictional amount requiring arbitration, and such further relief as the Court deems just and proper.

Respectfully submitted,

PAUL J. GIORDANO, P.C.

By: _____
Paul J. Giordano, Esquire
PAUL J. GIORDANO, P.C.
Attorney I.D. 51616
1800 John F. Kennedy Blvd – Suite 300
Philadelphia, PA 19103
*Attorney for Plaintiffs*
*Bayview Loan Servicing, LLC and*
*IB Property Holdings, LLC*

Dated: April 1, 2010